UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH D. BARRETT,

Plaintiff

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 3:18-cv-00421-MMD-CBC

ORDER

**I.    SUMMARY**

On October 21, 2019, this Court issued a screening order that dismissed without prejudice and without leave to amend claims challenging the duration of Plaintiff's confinement, because those claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 3 at 4–5.) On October 28, 2019, Plaintiff, with the help of another inmate, filed a motion to amend the Court's screening order pursuant to Federal Rules of Civil Procedures 59(e) and 60(b) and filed a motion for leave to amend his civil rights complaint. (ECF No. 6 at 1–15, 34.) Plaintiff included a proposed amended complaint with these motions. (*Id.* at 19–55.) To be clear, Plaintiff's motion is for *reconsideration* of the Court's screening order and the Court will deny it in that regard. Moreover, even if the Court was to grant Plaintiff leave to amend the complaint, Plaintiff's proposed amended complaint fails to state a colorable claim to survive screening.

**II.    RECONSIDERATION**

Upon motion by a party within twenty-eight days of the entry of judgment, the Court may alter or amend its findings under Federal Rule of Civil Procedure 59(e). Fed. R. Civ. P. 59(e). A party may seek reconsideration under Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 60(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). District courts have discretion regarding whether to grant a motion to amend under Rule 59(e) or 60(b). *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014).

In his new filings, Plaintiff "readily admits [that] his complaint, as filed, was unclear." (ECF. No 6 at 11.) Plaintiff states that his initial complaint was prepared by an inmate who "did not know what Barrett's real intent was."[1] (*Id.* at 8.) Plaintiff argues that his intent was not to challenge the duration of his sentence, but rather to bring a due process claim based on prison officials' failure to properly investigate whether he was entitled to earlier parole eligibility. (*Id.* at 8–9, 23.) Plaintiff argues that *Heck* does not apply because he is challenging his parole eligibility date, rather than whether he should be discharged. (*Id.* at 4, 8.)

By Plaintiff's own admission his initial complaint was unclear. Plaintiff's initial complaint did not discuss parole eligibility. (ECF No. 1-1 at 3–5.) Rather, Plaintiff's initial complaint stated that the Defendants were refusing to provide Plaintiff an earlier discharge and explicitly requested for NDOC to "issue a new judgment of conviction." (*Id.* 5, 9.) Plaintiff's arguments about parole eligibility were not presented in his initial complaint, and Plaintiff may not use a motion for reconsideration to raise new arguments. The Court concludes that it did not commit clear error in screening Plaintiff's initial complaint. The Court denies Plaintiff's request for amended findings under Federal Rules of Civil Procedures 59(e) and 60(b).

///

///

///

---

[1] The Court notes Plaintiff signed his initial complaint and did not indicate that the complaint was written or prepared by anyone else. (ECF No. 1-1 at 9.)

2

Furthermore, even if the Court accepted Plaintiff's proposed amended complaint, Plaintiff has not stated a colorable claim that could proceed beyond screening. For Plaintiff's benefit, the Court will briefly address Plaintiff's proposed amended complaint.

### III. PROPOSED AMENDED COMPLAINT

In his proposed amended complaint, Plaintiff alleges that he was sentenced to 19 years in prison on Count II of his sentence. (ECF No. 6 at 23.) Of those 19 years, Plaintiff served a little under four years before being paroled to a consecutive sentence. (*Id.*) On Count III, Plaintiff was sentenced to nine years and served a little under a year and half before being paroled to a consecutive sentence. (*Id.* at 24.) At some point after serving both of those counts, a state district court found that Plaintiff was inappropriately sentenced on Count II and that he only should have been sentenced to nine years, rather than 19 years. (*Id.*) Plaintiff's position is that the difference in time served on the two counts, roughly two and half years, represents extra time served. (*Id.*) He argues that because both counts should have been for nine years, he should have served the same amount of time on each before being paroled. (*Id.*)

Plaintiff contends that in light of the correction to his sentence, his parole eligibility date on the sentence he is currently serving should have been moved up by roughly two and half years. (*Id.*) NDOC did move up Plaintiff's parole eligibility date, but only from March 20, 2024 to March 31, 2023. (*Id.*) Plaintiff asserts that he has a liberty interest in going before the parole board earlier than March 31, 2023. (*Id.* at 25.) Plaintiff further asserts that Defendants have violated a number of NDOC regulations. (*Id.* at 27.) On this basis, Plaintiff asserts that Defendant's violated his right to due process under the Fourteenth Amendment. (*Id.* at 23.)

Plaintiff is correct that a claim alleging an earlier parole eligibility date is not barred under *Heck*. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding that if a civil claim merely would speed up the plaintiff's *consideration* for parole and would not necessarily imply the invalidity of the duration of confinement, then that claim may proceed in a § 1983 action). But in order to state a Fourteenth Amendment due process claim, a plaintiff must

adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). Because Plaintiff cannot establish a liberty interest in his parole eligibility, Plaintiff cannot state a colorable Fourteenth Amendment due process claim based on his parole eligibility date.

Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation). Thus, Plaintiff cannot state a colorable due process claim based on the alleged violations of NDOC regulations. Accordingly, even if the Court accepted Plaintiff's proposed amended complaint, the Court would have to dismiss his proposed amended complaint in its entirety for failure to state a claim.

**IV. CONCLUSION**

It is therefore ordered that the motion to reconsider or amend the screening order (ECF No. 6) is denied.

DATED THIS 4th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE